Filed 5/16/23  P. v. Ortega CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092671 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F07509) |
| v. | |
| VICTOR ANTHONY ORTEGA, | |
| Defendant and Appellant. | |

Defendant Victor Anthony Ortega appeals from an order denying his petition to vacate his murder conviction under former Penal Code section 1170.95 (now section 1172.6).[1]  Appointed counsel for defendant asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal, and

---

[1] Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.)  For clarity, we will refer to the statute as section 1172.6 throughout this opinion.

1

defendant has filed a supplemental brief raising various issues.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *People v. Delgadillo* (2022) 14 Cal.5th 216.) We have considered defendant's arguments and will affirm the trial court's order.

## I. BACKGROUND

A jury previously found defendant guilty of first degree murder (§ 187, subd. (a)) and found true allegations that defendant personally and intentionally discharged a firearm causing death or injury (§ 12022.53, subd. (d)) and personally used a firearm (§ 12022.5, subd. (a)(1)).  (*People v. Ortega* (Apr. 10, 2012, C065027) [nonpub. opn.].)

On September 6, 2019, defendant filed a petition for resentencing pursuant to section 1172.6.  The trial court appointed counsel and on September 1, 2020, denied the petition finding the jury "was not instructed on either felony-murder or the natural and probable consequences doctrine.  No accomplice liability or conspiracy instructions of any kind were given, and the jury was instructed only with CALCRIM Nos. 520 and 521 on malice aforethought murder and not on any other theory of murder.  Defendant . . . was convicted of first degree murder, which under the instructions required a finding of premeditated, deliberate, express malice murder, and the jury found true . . . personal gun use enhancements."  Thus, defendant was not entitled to resentencing as a matter of law.

Defendant filed a timely notice of appeal.  On February 26, 2021, this court dismissed the appeal as abandoned.  On April 5, 2021, defendant filed a petition for review in the California Supreme Court.  The petition was granted, and on March 29, 2023, the California Supreme Court transferred the matter back to us with directions to vacate our prior decision and reconsider in light of *People v. Delgadillo, supra*, 14 Cal.5th at pp. 232-233 & footnote 6.

On April 7, 2023, this court filed an order vacating the February 26, 2021 order dismissing the appeal as abandoned.  Both defense counsel and defendant filed supplemental briefs.

**II. DISCUSSION**

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant filed a supplemental brief.

The California Supreme Court has considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded such procedures are not required. (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court laid out applicable procedures for such cases, saying, where, as here, a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id*. at p. 232.)

Defendant raises several issues related to his initial trial. He claims the jury received inadequate instructions because they were instructed under a " 'kill zone' theory." He also claims prosecutorial misconduct and says there is new evidence that proves the victim died from a self-inflicted gunshot during a scuffle. These claims, which do not relate to section 1172.6 resentencing but rather the underlying conviction, cannot be raised in this appeal. This court affirmed the judgment in defendant's case in 2012 and it is now final. Thus, none of these issues are arguable in an appeal from an order denying his petition for resentencing under section 1172.6.

Defendant also contends he was denied the opportunity to have a hearing "pursuant to S.B. 775/1437 which is his due process right." We presume defendant means to argue the trial court erred in summarily denying his petition without an evidentiary hearing. (§ 1172.6, subd. (d)(3).) We find no error. Defendant failed to make the requisite prima facie showing of entitlement to relief. The trial court did not

instruct the jury on felony murder or the natural and probable consequences doctrine or any other theory of imputed malice murder.  The jury was, therefore, required to find defendant possessed the intent to kill in order to find him guilty.  As a result, defendant is ineligible for resentencing as a matter of law.  (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055; *People v. Offley* (2020) 48 Cal.App.5th 588, 599.)

### III. DISPOSITION

The court's order is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

ROBIE, Acting P. J.

/S/

_____

MAURO, J.

4